# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
No. 17-1774

Filed: March 23, 2020

| | | |
|---|---|---|
| * * * * * * * * * * * * * | | |
| ESTON HOOD, | * | UNPUBLISHED |
| | * | |
| Petitioner, | * | Decision Awarding Damages; |
| | * | Guillain-Barre Syndrome |
| v. | * | ("GBS"); Influenza ("Flu") |
| | * | Vaccine |
| SECRETARY OF HEALTH | * | |
| AND HUMAN SERVICES, | * | |
| | * | |
| Respondent. | * | |
| * * * * * * * * * * * * * | | |

*Ronald Homer, Esq.*, Conway, Homer, P.C., Boston, MA, for petitioner.
*Julia Collison, Esq.*, US Department of Justice, Washington, DC, for respondent.

## DECISION AWARDING DAMAGES[1]

**Roth**, Special Master:

On November 13, 2017, Eston Hood ["Mr. Hood" or "petitioner"] filed a petition for compensation under the National Vaccine Injury Compensation Program.[2] Petitioner alleges that he suffered Guillain-Barre Syndrome ("GBS") after receiving an influenza ("flu") vaccine on October 31, 2014. *See* Petition, ECF No. 1.

Respondent thereafter filed a report pursuant to Vaccine Rule 4(c) conceding that petitioner's injury was caused-in-fact by the flu vaccination that he received on October 31, 2014, and that petitioner is entitled to compensation in this case. Respondent's Report at 1, ECF No. 26.

---

[1] Although this Decision has been formally designated "unpublished," it will nevertheless be posted on the Court of Federal Claims's website, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, 116 Stat. 2899, 2913 (codified as amended at 44 U.S.C. § 3501 note (2006)). **This means the Decision will be available to anyone with access to the internet.** However, the parties may object to the Decision's inclusion of certain kinds of confidential information. Specifically, under Vaccine Rule 18(b), each party has fourteen days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the whole Decision will be available to the public. *Id*.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

On October 2, 2018, I issued a ruling on entitlement finding that petitioner was entitled to compensation. *See* Ruling on Entitlement, ECF No. 27.

Respondent filed a proffer on March 23, 2020, agreeing to issue the following payments:

**(1) A lump sum of $366,282.48, representing compensation for life care expenses expected to be incurred during the first year after judgment ($24,425.49), lost earnings ($191,856.99), and pain and suffering ($150,000.00), in the form of a check payable to petitioner, Eston Hood; and**

**(2) An amount sufficient to purchase an annuity contract, described in section II.B. of respondent's proffer.** This amount represents compensation for all damages that would be available under § 300aa-15(a).

I adopt respondent's proffer attached hereto, and award compensation in the amount and on the terms set forth therein. The clerk of the court is directed to enter judgment in accordance with this decision.[3]

**IT IS SO ORDERED.**

                                                  **s/ Mindy Michaels Roth**
                                                  Mindy Michaels Roth
                                                  Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by each party filing a notice renouncing the right to seek review.

# IN THE UNITED STATES COURT OF FEDERAL CLAIMS
## OFFICE OF SPECIAL MASTERS

| | |
|---|---|
| ESTON HOOD,<br><br>        Petitioner,<br><br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>        Respondent. | **No. 17-1774V**<br>**Special Master Roth**<br>**ECF** |

### RESPONDENT'S PROFFER ON AWARD OF COMPENSATION

On November 13, 2017, Eston Hood ("petitioner") filed a petition for compensation under the National Childhood Vaccine Injury Act of 1986, 42 U.S.C. §§ 300aa-1 to -34 ("Vaccine Act" or "Act"), as amended. Petitioner alleges that he suffered Guillain-Barré syndrome ("GBS") as a result of an influenza ("flu") vaccine administered to him on October 31, 2014. On October 1, 2018, the Secretary of Health and Human Services ("respondent") filed a Rule 4(c) Report indicating that respondent does not contest entitlement in this matter, and the Special Master issued a Ruling on Entitlement the following day finding that petitioner was entitled to compensation.

**I.**     **Items of Compensation**

    A.     Life Care Items

Respondent engaged life care planner Laura E. Fox, MSN, BSN, RN, BSN, CLCP, and petitioner engaged Maureen Clancy, RN, BSN, CLCP, to provide an estimation of petitioner's future vaccine-injury related needs. For the purposes of this proffer, the term "vaccine related" is as described in respondent's Rule 4(c) Report, filed October 1, 2018. All items of

compensation identified in the life care plan are supported by the evidence, and are illustrated by the chart entitled Appendix A: Items of Compensation for Eston Hood, attached hereto as Tab A.[1]  Respondent proffers that petitioner should be awarded all items of compensation set forth in the life care plan and illustrated by the chart attached at Tab A.  Petitioner agrees.

      B.      <u>Lost Earnings</u>

The parties agree that based upon the evidence of record, petitioner has suffered past loss of earnings and will suffer a loss of earnings in the future.  Therefore, respondent proffers that petitioner should be awarded lost future earnings as provided under the Vaccine Act, 42 U.S.C. § 300aa-15(a)(3)(A).  Respondent proffers that the appropriate award for petitioner's lost earnings is $191,856.99.  Petitioner agrees.

      C.      <u>Pain and Suffering</u>

Respondent proffers that petitioner should be awarded $150,000.00 in actual and projected pain and suffering.  This amount reflects that any award for projected pain and suffering has been reduced to net present value.  <u>See</u> 42 U.S.C. § 300aa-15(a)(4).  Petitioner agrees.

---

[1] The chart at Tab A illustrates the annual benefits provided by the life care plan.  The annual benefit years run from the date of judgment up to the first anniversary of the date of judgment, and every year thereafter up to the anniversary of the date of judgment.

## II.     Form of the Award

The parties recommend that the compensation provided to petitioner should be made through a combination of lump sum payments and future annuity payments as described below, and request that the Special Master's decision and the Court's judgment award the following:[2]

A.  A lump sum payment of $366,282.48, representing compensation for life care expenses expected to be incurred during the first year after judgment ($24,425.49), lost earnings ($191,856.99), and pain and suffering ($150,000.00), in the form of a check payable to petitioner, Eston Hood.

B.  An amount sufficient to purchase an annuity contract,[3] subject to the conditions described below, that will provide payments for the life care items contained in the life care plan, as illustrated by the chart at Tab A, attached hereto, paid to the life insurance company[4] from

---

[2] Should petitioner die prior to entry of judgment, the parties reserve the right to move the Court for appropriate relief.  In particular, respondent would oppose any award for future medical expenses, future lost earnings, and future pain and suffering.

[3] In respondent's discretion, respondent may purchase one or more annuity contracts from one or more life insurance companies.

[4] The Life Insurance Company must have a minimum of $250,000,000 capital and surplus, exclusive of any mandatory security valuation reserve.  The Life Insurance Company must have one of the following ratings from two of the following rating organizations:

    a.  A.M. Best Company:  A++, A+, A+g, A+p, A+r, or A+s;

    b.  Moody's Investor Service Claims Paying Rating:  Aa3, Aa2, Aa1, or Aaa;

    c.  Standard and Poor's Corporation Insurer Claims-Paying Ability Rating:  AA-, AA, AA+, or AAA;

    d.  Fitch Credit Rating Company, Insurance Company Claims Paying Ability Rating:  AA-, AA, AA+, or AAA.

3

which the annuity will be purchased.[5]  Compensation for Year Two (beginning on the first anniversary of the date of judgment) and all subsequent years shall be provided through respondent's purchase of an annuity, which annuity shall make payments directly to petitioner, Eston Hood, only so long as petitioner is alive at the time a particular payment is due.  At the Secretary's sole discretion, the periodic payments may be provided to petitioner in monthly, quarterly, annual or other installments.  The "annual amounts" set forth in the chart at Tab A describe only the total yearly sum to be paid to petitioner and do not require that the payment be made in one annual installment.

    1.    <u>Growth Rate</u>

Respondent proffers that a four percent (4%) growth rate should be applied to all non-medical life care items, and a five percent (5%) growth rate should be applied to all medical life care items.  Thus, the benefits illustrated in the chart at Tab A that are to be paid through annuity payments should grow as follows: four percent (4%) compounded annually from the date of judgment for non-medical items, and five percent (5%) compounded annually from the date of judgment for medical items.  Petitioner agrees.

    2.    <u>Life-contingent annuity</u>

Petitioner will continue to receive the annuity payments from the Life Insurance Company only so long as she, Eston Hood, is alive at the time that a particular payment is due. Written notice shall be provided to the Secretary of Health and Human Services and the Life Insurance Company within twenty (20) days of Eston Hood's death.

---

[5] Petitioner authorizes the disclosure of certain documents filed by the petitioner in this case consistent with the Privacy Act and the routine uses described in the National Vaccine Injury Compensation Program System of Records, No. 09-15-0056.

    3.    <u>Guardianship</u>

Petitioner is a competent adult. Evidence of guardianship is not required in this case.

**III.**    **<u>Summary of Recommended Payments Following Judgment</u>**

    A.    Lump Sum paid to petitioner, Eston Hood:    **$366,282.48**

    B.    An amount sufficient to purchase the annuity contract described above in section II.B.

Respectfully submitted,

JOSEPH H. HUNT
Assistant Attorney General

C. SALVATORE D'ALESSIO
Acting Director
Torts Branch, Civil Division

CATHARINE E. REEVES
Deputy Director
Torts Branch, Civil Division

HEATHER L. PEARLMAN
Assistant Director
Torts Branch, Civil Division

<u>s/ Julia M. Collison</u>
JULIA M. COLLISON
Trial Attorney
Torts Branch, Civil Division
U. S. Department of Justice
P.O. Box l46, Benjamin Franklin Station
Washington, D.C. 20044-0146
Tel: (202) 514-9729
Fax: (202) 305-0102

Dated: March 23, 2020

**Appendix A: Items of Compensation for Eston Hood**                     Page 1 of 1

| ITEMS OF COMPENSATION | G.R. | * | M | Lump Sum Compensation Year 1 | Compensation Year 2 | Compensation Year 3 | Compensation Years 4-8 | Compensation Years 9-Life |
|---|---|---|---|---|---|---|---|---|
| | | | | 2020 | 2021 | 2022 | 2023-2027 | 2028-Life |
| Medicare Part B Deductible | 5% | | | 198.00 | 198.00 | 198.00 | 198.00 | 198.00 |
| Medicare Part D - Gabapentin | 5% | | | 120.00 | 120.00 | 120.00 | 120.00 | 120.00 |
| Neurologist | 5% | * | | | | | | |
| Podiatrist | 4% | * | | | | | | |
| Gabapentin | 5% | * | | | | | | |
| Tylenol | 4% | | | 4.30 | 4.30 | 4.30 | 4.30 | 4.30 |
| PT | 4% | * | | | | | | |
| OT | 4% | * | | | | | | |
| Cane (3) | 4% | | | 84.00 | 8.40 | 8.40 | 8.40 | 8.40 |
| Walker | 4% | * | | 182.00 | | | | |
| Transfer Shower Bench | 4% | | | 23.03 | 23.03 | 23.03 | 23.03 | 23.03 |
| Hand Held Shower | 4% | | | 5.67 | 5.67 | 5.67 | 5.67 | 5.67 |
| AFOs | 4% | * | | | | | | |
| Emergency Response System | 4% | | | 419.40 | 419.40 | 419.40 | 419.40 | 419.40 |
| Home Care | 4% | | M | 5,760.00 | 5,760.00 | 5,760.00 | 5,760.00 | 5,760.00 |
| Gym Membership | 4% | * | | | | | | |
| Mileage: Neurologist | 4% | | | 10.13 | 5.07 | 5.07 | 5.07 | 5.07 |
| Mileage: Podiatrist | 4% | | | 25.98 | 25.98 | 25.98 | 25.98 | 25.98 |
| Mileage: PT | 4% | | | 77.52 | 77.52 | 77.52 | 77.52 | 38.76 |
| Mileage: OT | 4% | | | 6.46 | 3.23 | 3.23 | 3.23 | 3.23 |
| Home Modifications | 0% | | | 17,509.00 | | | | |
| Lost Earnings | | | | 191,856.99 | | | | |
| Pain and Suffering | | | | 150,000.00 | | | | |
| Annual Totals | | | | 366,282.48 | 6,650.60 | 6,650.60 | 6,650.60 | 6,611.84 |

Note: Compensation Year 1 consists of the 12 month period following the date of judgment.
Compensation Year 2 consists of the 12 month period commencing on the first anniversary of the date of judgment.
As soon as practicable after entry of judgment, respondent shall make the following payment to petitioner for Yr 1 life care expenses ($24,425.49), lost earnings ($191,856.99), and pain and suffering ($150,000.00): $366,282.48.
Annual amounts payable through an annuity for future Compensation Years follow the anniversary of the date of judgment.
Annual amounts shall increase at the rates indicated above in column G.R., compounded annually from the date of judgment.
Items denoted with an asterisk (*) covered by health insurance and/or Medicare.